1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BELL,<br><br>              Plaintiff,<br><br>     vs.<br><br>E. VALENZUELA, Warden,<br><br>            Defendant. | Case No. CV 12-3277-GAF (DTB)<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

Plaintiff currently is incarcerated at the California Men's Colony State Prison ("CMC") in San Luis Obispo, California.   On March 16, 2012, he filed an "Application for a Court Order Seeking 'Federal Injunctive Relief'" ("Complaint") in the Northern District of California.   On April 11, 2012, the Northern District transferred this action to the Central District of California.   The Complaint was filed herein on April 13, 2012, after plaintiff was granted leave to proceed in forma pauperis.   The gravamen of plaintiff's claim is that prison officials are improperly tampering with his legal mail. (Complaint at 1.) Specifically, plaintiff seeks to enjoin prison officials from tampering with his legal mail, i.e., "opening previously inspected and sealed mail as well as legal mail not being mailed to attorneys or courts after the same has been inspected and sealed for mailing."   (Id.)

1

1    The Complaint is comprised of a single page; apart from the caption, the text
2    of the Complaint consists of a single sentence.  Plaintiff does not state the legal
3    authority upon which the Complaint is based, nor does he set forth any individual
4    defendants within the body of the Complaint.

5    Plaintiff purports to be seeking "federal injunctive relief" against the defendant.

6    In accordance with the terms of the "Prison Litigation Reform Act of 1995"
7    ("PLRA"), the Court now has screened the Complaint prior to ordering service, for
8    purposes of determining whether the action is frivolous or malicious; or fails to state
9    a claim on which relief may be granted; or seeks monetary relief against a defendant
10   who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C.
11   § 1997e(c)(1).

12   The Court's screening of the Complaint under the foregoing statutes is
13   governed by the following standards.  A complaint may be dismissed as a matter of
14   law for failure to state a claim for two reasons:  (1) Lack of a cognizable legal theory;
15   or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica
16   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint
17   states a claim on which relief may be granted, allegations of material fact are taken
18   as true and construed in the light most favorable to the plaintiff.  See Love v. United
19   States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing
20   pro se, the Court must construe the allegations of the Complaint liberally and must
21   afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police
22   Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard
23   . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S.
24   319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation
25   of a civil rights complaint may not supply essential elements of the claim that were
26   not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.
27   1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)). Moreover,
28   with respect to plaintiff's pleading burden, the Supreme Court has held that "a

2

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court finds for the reasons discussed hereafter that its allegations fail to state a cause of action, as the Complaint fails to allege facts sufficient to give the defendant fair notice of what plaintiff's claims are and the grounds upon which they rest, and are insufficient to state any federal civil rights claim on which relief may be granted against the named defendant.

## DISCUSSION

## I.   Plaintiff's allegations fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Further, Rule 8(d)(1) provides:  "Each allegation must be simple, concise, and direct."  As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Twombly,  550 U.S. at 556.  Although the Court must construe a pro se plaintiff's pleadings liberally, plaintiff nonetheless must allege

1   a minimum factual and legal basis for each claim that is sufficient to give each
2   defendant fair notice of what plaintiff's claims are and the grounds upon which they
3   rest.  See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir.
4   1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  If plaintiff fails to
5   clearly and concisely set forth allegations sufficient to provide defendants with notice
6   of which defendant is being sued on which theory and what relief is being sought
7   against them, the complaint fails to comply with Rule 8.  See, e.g., McHenry v.
8   Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co.,
9   651 F.2d 671, 674 (9th Cir. 1981).  Moreover, failure to comply with Rule 8(a)
10  constitutes an independent basis for dismissal of a complaint that applies even if the
11  claims in a complaint are not found to be wholly without merit.  See McHenry, 84
12  F.3d at 1179; Nevijel, 651 F.2d at 673.

13         Here, plaintiff's one-page Complaint fails to set forth the requisite minimum
14  factual and legal basis for his claims sufficiently to provide defendant fair notice of
15  the precise nature of the claim(s) plaintiff is purporting to raise against him; the
16  capacity in which he is being sued; the factual basis for each claim; or the legal basis
17  for each claim.

18         Construing plaintiff's allegations liberally and affording plaintiff the benefit
19  of any doubt, the Court finds that plaintiff's Complaint fails to allege sufficient
20  "factual content that allows the [C]ourt to draw the reasonable inference that the
21  defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  The Court
22  therefore finds that the Complaint does not comply with Rule 8 because (a) it does
23  not contain a "short and plain statement" of plaintiff's claims showing that he is
24  entitled to relief, and (b) its allegations are insufficient to meet plaintiff's threshold
25  requirement of providing the defendant with notice of his  allegedly wrongful acts.
26  / / /
27  / / /
28  / / /

## II. To the extent that plaintiff's claims against defendant Valenzuela appear to be based on his supervisory role, plaintiff's allegations are insufficient to state a § 1983 claim against him.

It appears to the Court from its review of the Complaint that plaintiff's claims against defendant Valenzuela are based solely or in part on his supervisory role. (Complaint at 1.)  Since plaintiff has failed to allege any facts relating to defendant's role in the underlying conduct alleged to form the basis of plaintiff's claim, the Court is unable to ascertain the precise nature of such.

In order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. See Karim-Panahi, 839 F.2d at 624.  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. See Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007).  However, there is no respondeat superior or agency liability under § 1983. See Ashcoft v. Iqbal, 556 U.S. 662, 129 S. Ct.1937, 1948-49; See also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. Iqbal at 1948. In limited circumstances, a person can also be subject to § 1983 liability for the acts of others, but a supervisor can only be held liable for the constitutional violations of a subordinate "if the supervisor

participated in or directed the violations, or knew of the violations and failed to act to prevent them."  See Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Here, as set forth above, the Complaint fails to allege any facts regarding any conduct by the lone name defendant.  Accordingly, the Court finds that the allegations in the Complaint are not sufficient "to raise a right to relief above the speculative level" with regard to any liability on the part of Cash.  See Twombly, 127 S. Ct. 1955 at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (holding that, in determining whether a complaint states a claim on which relief may be granted, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

*****************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: April 30, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER - GENERAL INSTRUCTIONS

This package includes the following documents:

      4 copies - complaint form
      4 copies - declaration to proceed without prepayment of filing fees

In order for your complaint to be filed, you must submit the original and two copies of **both** the complaint and declaration to the Clerk. The remaining copy of each is for you to keep for your records. Your complaint must be typewritten or legibly handwritten in ink. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you must use the reverse side of the form or an additional blank page. You must file a separate complaint for each claim unless they are all related to the same incident or issue. You are required to allege facts; not legal arguments or authorities.

## FILING FEES

**Payment of filing fee required**

In accordance with 1996 amendments to the in forma pauperis statute, 28 U.S.C. § 1915, as a prisoner you will be obligated to pay the full filing fee of $350 for a civil action regardless of your forma pauperis status and the disposition of the case. If you have the money to pay the filing fee, you should submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, payable to the *Clerk of Court* and mail it with your complaint to the address listed on the reverse side of these instructions. The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

**Request to pay filing fee in monthly installments**

If you do not have the money to pay the full filing fee, you must complete the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support. The Declaration must be returned to the Court with your complaint. **NOTE: You must have a prison or jail official complete the Certification Section on the Declaration and attach to the Declaration a certified copy of your prison or jail trust account statement for the six months immediately preceding the filing of the complaint. If you submit an incomplete Declaration or do not submit a prison or jail trust account statement with the Declaration, your request to proceed without prepayment of the filing fees may be denied.**

**Initial partial filing fee assessment**

If your request to proceed without prepayment of filing fees is granted, the Court will assess an initial partial filing fee at the time your action is filed. The initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The Court will order the agency that has custody of you to take that initial partial filing fee out of your prison or jail account as soon as funds are available and forward the money to the Clerk of Court.

**Collection of balance of filing fee**

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The agency that has custody of you will collect that money and send payments to the Clerk of Court any time the amount in your account exceeds $10.00.

## DISMISSAL OF THE COMPLAINT

Regardless of whether some or all of the filing fee has been paid, the Court is required to screen your complaint and to dismiss the complaint if: 1) your allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) your complaint does not state a claim on which relief can be granted; or 4) you sue a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals while you are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from bringing any other actions in forma pauperis unless you are in imminent danger of serious physical injury. **NOTE: You are required under penalties of perjury to provide accurate information regarding previous filings. Failure to provide this information may result in the immediate dismissal of your complaint.**

## JURISDICTION

To determine whether jurisdiction and venue are proper in this Court:

- **AGAINST FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(e) and  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971);

- **AGAINST NON-FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(b) for claims brought pursuant to 42 U.S.C. § 1983.

## SERVICE OF THE COMPLAINT

If your request to proceed without prepayment of the filing fees is approved, the Court will determine whether the United States Marshal should serve the defendant(s) on your behalf.

## INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed by prisoners in this Court and limited court resources, the Court and Clerk's Office will not answer inquires concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page.  You must therefore keep copies of all documents submitted to the court for your own records.

## TO MAIL THE COMPLAINT

Mail the original and the two copies of the following completed documents to the address below: complaint and declaration to proceed without prepayment of filing fees (if applicable):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California  90012

ATTENTION: PRO SE CLERK

Telephone:  (213) 894-7984

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER |
| | _____ |
| | *To be supplied by the Clerk* |
| v. | |
| | **CIVIL RIGHTS COMPLAINT** |
| | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                            (Claim I)         (Claim II)         (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
          (full name of first defendant)

      _____
      (full address of first defendant)

      _____
      (defendant's position and title, if any)

      The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

      Explain how this defendant was acting under color of law:

      _____
      _____

2.  Defendant _____ resides or works at
          (full name of first defendant)

      _____
      (full address of first defendant)

      _____
      (defendant's position and title, if any)

      The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

      Explain how this defendant was acting under color of law:

      _____
      _____

3.  Defendant _____ resides or works at
          (full name of first defendant)

      _____
      (full address of first defendant)

      _____
      (defendant's position and title, if any)

      The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

      Explain how this defendant was acting under color of law:

      _____
      _____

4.  Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

5.  Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

**D.  CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____        _____
          *(Date)*                                          *(Signature of Plaintiff)*